# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

WARREN EASTERLING, R,

              Plaintiff,      :      Case No. 3:16-cv-139

                                  District Judge Thomas M. Rose
- vs -                        Magistrate Judge Michael R. Merz

ATTORNEY GENERAL MIKE DeWINE
 Et al.,

            Defendants.      :

## REPORT AND RECOMMENDATIONS

This case is before the Court on Plaintiff's Motion for Injunctive Relief (ECF No. 7). Plaintiff seeks the following relief:

1. To enjoin the Ohio Second District Court of Appeals from dismissing *Easterling v. A & M Automotive*, Case No. 26956;

2. To enjoin the Ohio Second District Court of Appeals from requiring leave to appeal in Dayton Municipal Court Case No. 2015-CVI-003461;

3. To enjoin the Ohio Second District Court of Appeals from requiring leave to appeal in *Easterling v. Thompson*, Dayton Municipal Court case No. 2016-CVI-01067;

4. To enjoin the Ohio Bureau of Motor Vehicles from effectuating a Notice of Suspension of Plaintiff's Driver's License and Registration Privileges dated April 13, 2016, and allegedly

1

based on the December 16, 2014, Judgment of Montgomery County Municipal Judge James Manning which Plaintiff asks this Court to "nullify."

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. National Resources Defense Council, Inc., 555 U.S. 7, 20 (2008); accord *Overstreet v. Lexington-Fayette Urban Co. Gov't,* 305 F.3d 566, 573 (6th Cir. 2002); *Nightclubs, Inc. v. City of Paducah,* 202 F.3d 884, 888 (6th Cir. 2000); *Washington v. Reno,* 35 F.3d 1093, 1099 (6th Cir. 1994); *NAACP v. City of Mansfield*, 866 F.2d 162, 166 (6th Cir. 1989); *Frisch's Restaurant, Inc. v. Shoney's, Inc.*, 759 F.2d 1261, 1263 (6th Cir. 1985); *In re DeLorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985). Although no one factor is controlling, a finding that there is no likelihood of success is usually fatal. *Gonzales v. Nat'l Bd. of Med. Exam'rs,* 225 F.3d 620, 625 (6th Cir. 2000).

Plaintiff cannot obtain relief in this case against the Second District Court of Appeals or the Ohio Bureau of Motor Vehicles because they are not parties to this case. Nor does it avail the Plaintiff that he has asked for injunctive relief against the State of Ohio rather than the Second District and the BMV because the State of Ohio is also not a party to this case.

Because Mr. Easterling seeks injunctive relief against non-parties, his Motion for Injunctive Relief should be DENIED.

April 25, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).