# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

WARREN EASTERLING, R,

                Plaintiff,      :      Case No. 3:16-cv-139

                                    District Judge Thomas M. Rose
-  vs  -                          Magistrate Judge Michael R. Merz

ATTORNEY GENERAL MIKE DeWINE
 Et al.,

                Defendants.      :

## SUPPLEMENTAL REPORT AND RECOMMENDATION ON PLAINTFF'S MOTION FOR PRELIMINARY INJUNCTION

This case is before the Court on Plaintiff's Objections (ECF No. 11) to the Magistrate Judge's Report and Recommendations (ECF No. 9) recommending that the preliminary injunction be denied. Judge Rose has recommitted the matter for reconsideration in light of the Objections (ECF No. 14).

Plaintiff's Motion seeks an order from this Court enjoining the Ohio second District Court of Appeals from taking action in three different cases, enjoining the Ohio Bureau of Motor Vehicles from suspending Plaintiff's driver's license, and to "nullify" the judgment on which the suspension is allegedly based. The Magistrate Judge recommended denying the Motion because

1

none of the persons or entities sought to be enjoined is a party to this case. (R&R, ECF No. 9, PageID 85).

Plaintiff objects that the Report is premature because "the opposing party has not had time to respond as due process requires." (Objection, ECF No. 11, PageID 92.)  A party who files a meritless motion has no due process right to have the motion pend on the Court's docket until the time for responding under the local rules has expired.  This is especially true when the "opposing party" – the entity sought to be enjoined – is not a party to the case and has received no notice that someone is seeking a federal court injunction against them.

Plaintiff objects that the Report is an "advisory" opinion of the sort forbidden by Section Two of Article III of the Constitution which limits our jurisdiction to cases or controversies (ECF No. 11, PageID 92).  Not so.  The Plaintiff created a live controversy by filing a motion in this Court asking the Court to do something – to enjoin a number of Ohio state entities, not including either of the two defendant parties to the case.  The Report advises only Judge Rose on how he should decide that Motion.  Making recommendations on the decision of dispositive motions is one of the tasks assigned to Magistrate Judges by the Congress of the United States. See 28 U.S.C. § 636(b).

Having reconsidered the Motion in light of the Objections, the Magistrate Judge again recommends it be DENIED.

May 4, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).