IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

WARREN EASTERLING, R,

           Plaintiff,     :     Case No. 3:16-cv-139

                        District Judge Thomas M. Rose
- vs -                     Magistrate Judge Michael R. Merz

ATTORNEY GENERAL MIKE DeWINE
Et al.,

           Defendants.     :

**REPORT AND RECOMMENDATIONS**

This case is before the Court on Motion to Dismiss of Defendants Ohio Attorney General Mike DeWine and Chief Justice of the Ohio Supreme Court Maureen O'Connor (ECF No. 13) which Plaintiff opposes (ECF No. 19). Defendants bring their Motion under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim upon which relief can be granted.

Easterling brought this case to obtain a declaration that the Ohio vexatious litigator statute, Ohio Revised Code § 2323.52, is unconstitutional under the Tenth Amendment and the Supremacy Clause (Complaint, ECF No. 1, PageID 2). He chose the Attorney General and the Chief Justice as Defendants because he says they are guilty of enforcing that statute. *Id.* He asserts general federal question jurisdiction under 28 U.S.C. § 1331. *Id.*

1

As to his personal stake in the question he seeks to litigate, he avers that on July 17, 2015, he filed a motion under Fed. R. Civ. P. 60(b) to obtain relief from a judgment in this Court which "mistakenly ruled in favor of the Attorney General where the State of Ohio has committed fraud in establishing a statute which is, and always was unconstitutional." *Id.* at PageID 3, referring to Case No. 3:13-cv-024.  He asserts this unopposed motion is still ;pending and has not been ruled on.  *Id.*  Regarding Chief Justice O'Connor, he complains that she found his Affidavit of Disqualification for Judge Dale Crawford to be frivolous. *Id.* at PageID 5.  Easterling purports to bring suit under 42 U.S.C. § 1985 and 18 U.S.C. § 242. *Id.* at PageID 11.  For relief,

> PLAINTIFF ASKS THIS COURT TO DRAFT AN ORDER REQUIRING THE DEFENDANTS TO REPEAL 2323.52 OF THE OHIO REVISED CODE AND CEASE ITS ENFORCEMENT IMMEDIATELY, NOTIFY ALL PARTIES ADJUDICATED AS GUILTY UNDER 2323.52 OF ITS REPEAL, AND  COMPLETELY DISOLVE OR ELIMINATE THE PAGE FROM THE OHIO SUPREME COURT'S WEBSITE LISTING VEXATIOUS LITIGATORS AND TO CREATE A GENERAL ORDER TO ALL INVOLVED TRIAL COURT JUDGES TO IMMEDIATELY OVERTURN ALL RELATED CASES WITHIN 30 DAYS.

 *Id.* at PageID 12.

To the extent Easterling seeks to have Ohio Revised Code § 2323.52 declared unconstitutional as it applied to him, Defendants claims the protection of the *Rooker-Feldman* Doctrine.  When a claim asserted in a federal proceeding is inextricably intertwined with a judgment entered in a state court, the district courts are without subject matter jurisdiction to consider the matter; it must be brought into the federal system by petition for writ of certiorari to the United States Supreme Court.  *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923);  *Dist. Columbia Ct. of Appeals v. Feldman,* 460 U.S. 462 (1983); *Peterson Novelties, Inc. v. City of Berkley,* 305 F.3d 386, 390 (6th Cir. 2002); *In re Sun Valley Foods Co.*, 801 F.2d 186 (6th Cir.

1986); *Johns v. Supreme Court of Ohio,* 753 F.2d 524 (6th Cir. 1985).  This Court has repeatedly held that Mr. Easterling's attempts to set aside his designation as a vexatious litigator by Judge Crawford are barred by the *Rooker-Feldman* doctrine.   As recently March 24, 2016, District Judge Rice of this Court wrote:

> Plaintiff is strongly cautioned that additional frivolous filings in this Court concerning the applicability of the *Rooker-Feldman* doctrine will, very likely, result in the imposition of Rule 11 sanctions. This is true not only in the above-captioned case, but in each of the many duplicative cases that Plaintiff has filed in this Court. If Plaintiff disagrees with this Court's rulings, he may file a timely appeal with the Sixth Circuit Court of Appeals.

*Easterling v. Crawford*, Case No. 3:14-cv-226, 2016 U.S. Dist. LEXIS 39021 (S.D. Ohio Mar. 24, 2016). Easterling's time to appeal to the Sixth Circuit in that case expired April 25, 2016, but no appeal was taken.  Instead, he filed this case less than three weeks later and now makes the same frivolous claims about the *Rooker-Feldman* doctrine.  Easterling als disingenuously asserts he is making "no claims in regards to previous judgments," (ECF No. 19, PageID 125), but his Complaint is rife with claims about prior judgments, both Judge Crawford's declaration and Chief Justice O'Connor's disposition of his most recent affidavit of disqualification.  And the relief that he seeks would include overturning the vexatious litigator designation as it has been applied to him.

Defendants correctly assert that this Court is barred by *Rooker-Feldman* from deciding Easterling's claims insofar as they complain of application of the vexatious litigator statute to him.

Easterling also complains that his motion for relief from judgment in Case No. 3:13-cv-024 remains undecided.  That is flatly untrue.  Easterling filed the Motion on July 17, 2015 (ECF

3

No. 49).  The Magistrate Judge filed a Report recommending denial of the Motion on July 20, 2015 (ECF No. 50).  Easterling objected (ECF No. 51) and District Judge Black adopted the recommendations over the Objection (Decision, ECF No. 52).  Easterling did not appeal.

Insofar as Easterling is making a facial challenge to the constitutionality of Ohio Revised Code § 2323.52, his position is barred by the decision in *Hall v. Callaghan*, 727 F.3d 450, 2013 U.S. App. LEXIS 14520  (6th Cir. 2013)[1].  This Court agrees.  Easterling asks us to disregard *Hall* because he says it is "a piece of corrupted case law where fraud on the court occurred by *sua sponte* granting summary judgment and by the fact of *Hall v. Callahan* being based upon *Mayer v. Bristow* which is a nullity for lack of jurisdiction."  The place to have a Sixth Circuit precedent declared "corrupted" is the Sixth Circuit.  The District Court's place is to obey.  Trial courts are obliged to follow precedent set by Supreme Court and Courts of Appeals.  "Unless we wish anarchy to prevail within the federal judicial system, a precedent of this Court must be followed by the lower federal courts no matter how misguided the judges of those courts may think it to be."  *Hutto v. Davis*, 454 U.S. 370, 375 (1982);  *Litman v. Massachusetts Mut. Life Ins. Co.*, 825 F.2d 1506 (11th  Cir. 1987).

Easterling has failed to plead a claim upon which relief can be granted under 42 U.S.C. § 1985.  To prevail on a § 1985(3) claim, one must prove "'(1) a conspiracy; (2) for the purpose of depriving,  either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges or immunities of the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.'"  *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 314 (6th Cir. 2005), *quoting Vakilian v. Shaw*, 335 F.3d 509, 518 (6th Cir. 2001) (*quoting United Bhd. of Carpenters & Joiners v. Scott*, 463 U.S. 825, 828-29 (1983)).

---

[1] Hall is unpublished, but Easterling cites no circuit court authority to the contrary.

To prove a conspiracy under section 1985, a plaintiff must show (1) the defendants conspired for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; (2) the defendants committed an act in furtherance of the conspiracy which caused injury to person or property or a deprivation of any right or privilege of a citizen of the United States; and (3) the conspiracy was motivated by racial, or other class-based, invidiously discriminatory animus. *Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir. 1999).

18 U.S.C. §§ 241 and 242 are criminal statutes which do not create a private cause of action.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Complaint herein be dismissed with prejudice and that this Court certify to the Sixth Circuit that an appeal would not be in good faith and should therefore not be permitted to proceed *in forma pauperis*.

May 11, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).