# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

**Warren Easterling,**

      *Plaintiff,*

v.                                            **Case No. 3:16-cv-139**
                                                        **Judge Thomas M. Rose**

**Attorney General Mike DeWine.,**

      *Defendants.*

---

**ENTRY AND ORDER DENYING MOTION FOR INJUNCTIVE RELIEF,** DOC. 7**, OVERRULING OBJECTION TO REPORT AND RECOMMNENDATIONS, DOC. 11, OVERRULING OBJECTION TO REPRT AND RECOMMENDATIONS, DOC. 18, ADOPTING REPORTS AND RECOMMENDATIONS, DOCS. 9 AND 17, GRANTING MOTION TO DISMISS,** DOC. 13**, ADOPTING REPORT AND RECOMMENDATIONS, DOC. 20, OVERRULING OBJECTION TO REPORT AND RECOMMENDATIONS, DOC. 21, AND TERMINATING CASE.**

---

*Pro se* Plaintiff Warren Easterling r brought this case seeking a declaration that the Ohio vexatious litigator statute, Ohio Revised Code § 2323.52, is unconstitutional under the Tenth Amendment and the Supremacy Clause of the United States Constitution. (Complaint, ECF No. 1, PageID 2). He named the Attorney General and the Chief Justice as Defendants because, he says, they are guilty of enforcing that statute. Id.

Plaintiff has accompanied his complaint with a Motion for Injunctive Relief aimed not at Defendant, but at the Second District Court of Appeals and the Ohio Bureau of Motor Vehicles. Doc. 7. Plaintiff cannot obtain relief in this case against the Second District Court of Appeals or the Ohio Bureau of Motor Vehicles because they are not parties to this case. Nor does it avail the

Plaintiff that he has asked for injunctive relief against the State of Ohio rather than the Second District and the BMV because the State of Ohio is also not a party to this case. Magistrate Judge Merz properly recommends that because Mr. Easterling seeks injunctive relief against non-parties, his Motion for Injunctive Relief should be denied. Doc. 9 at PageID 85. Plaintiff's supplemental objection, Doc. 11, did not change the Magistrate's recommendation regarding the motion. Doc. 17.

Defendants answered the complaint with a motion to dismiss. Doc. 13. The Magistrate properly recommends that this Court is barred by *Rooker-Feldman* from deciding Easterling's claims insofar as they complain of application of the vexatious litigator statute to him. Doc. 20.

The Magistrate also recommends that insofar as Easterling makes a facial challenge to the constitutionality of Ohio Revised Code § 2323.52, his position should be barred by the decision in *Hall v. Callaghan*, 727 F.3d 450, 2013 U.S. App. LEXIS 14520 (6th Cir. 2013). Easterling asks the Court to disregard Hall because he says it is "a piece of corrupted case law where fraud on the court occurred by *sua sponte* granting summary judgment and by the fact of *Hall v. Callahan* being based upon *Mayer v. Bristow* which is a nullity for lack of jurisdiction." As the Magistrate points out, the place to have a Sixth Circuit precedent declared "corrupted" is the Sixth Circuit. Trial courts are obliged to follow precedent established by the Supreme Court and Courts of Appeals. "Unless we wish anarchy to prevail within the federal judicial system, a precedent of this Court must be followed by the lower federal courts no matter how misguided the judges of those courts may think it to be." *Hutto v. Davis*, 454 U.S. 370, 375 (1982); *Litman v. Massachusetts Mut. Life Ins. Co.*, 825 F.2d 1506 (11th Cir. 1987). To be sure, this anarchy would be that experienced throughout the non-English-speaking world. *Gipson v. State*, 844 S.W.2d 738, 742 (Tex. Crim. App. 1992) ("Unlike civil law countries, English-speaking jurisdictions officially

accept that decisions of the judiciary are binding in future cases.").   These are countries in which "leanings of the lower courts…are more significant in shaping the law than they are in common law countries where the rule of precedent prevails." *Alfred Dunhill of London, Inc. v. Republic of Cuba*, 425 U.S. 682, 713 (1976).

As the Magistrate further recommends, Easterling has failed to plead a claim upon which relief can be granted under 42 U.S.C. § 1985 while 18 U.S.C. §§ 241 and 242 are criminal statutes which do not create a private cause of action. Doc. 20.

For these reasons, Plaintiff's Motion for Injunctive Relief, Doc. 7, is **DENIED.** Plaintiff's Objections to the Magistrate's Report and Recommendations, Doc. 11 & 18, are **OVERRULED**, the Magistrate's Reports and Recommendations that the Court Deny the Motion for Injunctive Relief, Docs. 9 & 17 are **ADOPTED**, Defendants' Motion to Dismiss, Doc. 13, is **GRANTED**, the Magistrate's Report and Recommendations that the complaint be dismissed, Doc. 20, is **ADOPTED**, and Plaintiff's Objection to the Report and Recommendations, doc. 21, is **OVERRULED.**   The instant case is **TERMINATED** from the dockets of the Southern District of Ohio, Western District at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, on Wednesday, July 20, 2016.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE